# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES** ) | |
| ) | |
| v. ) | **Criminal No. JFM-10-266** |
| ) | |
| **VINCENT HERNANDEZ** ) | |

## MEMORANDUM

Now pending is the government's motion pursuant to Federal Rule of Criminal Procedure 35(a) to correct the sentence this court imposed upon defendant Vincent Hernandez. The government's motion seeks to adjust Hernandez's ten-year (120-month) sentence to fifteen years (180 months) because of his prior conviction in state court. The issues have been fully briefed, and no hearing is necessary. *See* Local Rule 105.6. For the following reasons, the government's motion to correct the sentence is denied.

## Background

On October 13, 2011, Hernandez was charged in a three-count superseding indictment. (ECF No. 147.) Count 1 of that indictment, the only count at issue in the pending motion, was for conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base in violation of 21 U.S.C. § 846. That offense carries a mandatory minimum sentence of ten years for a defendant not previously convicted for a felony drug offense and a minimum of twenty years if the defendant has a qualifying prior conviction. 21 U.S.C. §§ 846, 841(b)(1)(A). Count 2 – for possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) – carries a mandatory five-year sentence consecutive to any other sentence, and Count 3 – for possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g) – carries a concurrent five-year sentence. *Id.*

1

Prior to trial, the government filed a notice pursuant to 21 U.S.C. § 851 of its intent to seek the enhanced penalty on Count 1 based on Hernandez's January 20, 2003 conviction in the Circuit Court for Washington County, Maryland for manufacturing and distributing controlled substances.[1] (ECF No. 166.) After a two-day bench trial, the court convicted Hernandez of all three counts. On Count 1, however, it convicted him of the lesser included offense of conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base because it found that only 28 to 280 grams of cocaine were foreseeable to Hernandez as a member of the conspiracy. *See* 21 U.S.C. § 841(b)(1)(B). The lesser offense carries a shorter mandatory minimum sentence of five years and an enhanced minimum sentence of ten years if the defendant has a prior conviction for a felony drug offense. *Id.*

Before sentencing, Hernandez informed the court and the government that he challenged the validity of his prior conviction and sought *coram nobis* relief in Washington County. Judge Beachley of the Fourth Judicial Circuit of Maryland granted Hernandez a hearing on his two *pro se* petitions for *coram nobis*. Hernandez, however, was in the custody of the U.S. Marshals at the Chesapeake Detention facility. The Sheriff of Washington County refused to accept custody of Hernandez so that he could attend his hearing in state court. When Hernandez failed to appear, Judge Beachley postponed the hearing because Ezra Gollogly, counsel for Hernandez in his federal case, convinced the state court judge that Hernandez was in federal custody and could not attend a hearing without the cooperation of federal and state law enforcement officers. After Hernandez's failure to appear at his rescheduled hearing, however, Judge Beachley dismissed his *coram nobis* petitions.

---

[1] The government attached the required certified copy of the conviction as an exhibit. (ECF No. 166-1.)

On May 30, 2013, Hernandez appeared before this court for sentencing. The government requested a total sentence of fifteen years (180 months)—ten years as to Count 1, five years consecutive as to Count 2, and five years continuous as to Count 3.[2] At the hearing, however, the government responsibly recounted the potential constitutional violations related to Hernandez's inability to attend his *coram nobis* hearing in state court. (Tr. 4:9-13:9, ECF No. 215.) Alluding to the potential constitutional violations, I sentenced Hernandez to a total of ten years, imposing only a five-year sentence for the reduced amount in Count 1, thereby rejecting the government's request to enhance the sentence on that count to ten years based on the prior conviction in state court. (*See* Tr. 15:3-16:17.)

On June 5, 2013, the government filed a motion pursuant to Federal Rule of Criminal Procedure 35 to correct the sentence the court imposed on Hernandez. (ECF No. 205.) Hernandez opposed that motion on June 12, 2013. (ECF No. 214.) Both parties have appealed to the Fourth Circuit. (ECF Nos. 208, 210, 216.) The government argues on appeal that the district court sentenced Hernandez below the mandatory minimum sentence without statutory justification. (*See* Docketing Statement, ECF No. 10, in Appeal Case No. 13-4497.)

## Analysis

### A. Jurisdiction and Timeliness

Although both Hernandez and the government have filed cross appeals in this case, the district court retains jurisdiction to decide the motion for a correction of sentence. Fed. R. App. P. 4(b)(5) ("The filing of a notice of appeal under this Rule 4(b) does not divest a district court of jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a), nor does the

---

[2] The court's fact findings and the government's request for enhancement do not affect the term of the sentence as to Count 2 and Count 3.

filing of a motion under 35(a) affect the validity of a notice of appeal filed before entry of the order disposing of the motion.").

Additionally, the court finds that the government's motion to correct the sentence filed within 14 days after the initial sentencing satisfies Rule 35's requirement that the court correct a sentence within 14 days after sentencing. *See* Fed. R. Crim. P. 35(a).

### B. Rule 35(a) Motion for Correction of Sentence

The government has moved to correct the sentence the court imposed on Hernandez arguing that the five-year sentence on Count 1 was illegal and clearly erroneous because it is shorter than the ten-year mandatory minimum sentence that would result from the enhancement for a prior conviction.[3] Hernandez argues that the court properly found his prior state court conviction invalid as a basis for the sentence enhancement and that the sentence it imposed was, therefore, correct and not the result of a clear error.

Under Rule 35, "the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The Advisory Committee Notes for the 1991 Amendments to the rule define the narrow scope of its application.

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a). The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines. Furthermore, the Committee did not intend that the rule relax any requirement that the parties state all objections to a sentence at or before the sentencing hearing.

---

[3] Although there are two statutory exceptions to the imposition of a sentence below the mandatory minimum, neither exception applies in this case.

4

Fed. R. Crim. P. 35, Advisory Notes, 1991 Amendments (citation omitted); *see also United States v. Fields,* 552 F.3d 401, 404 (4th Cir. 2009). "When the district court unequivocally states a sentence and then imposes it, and the sentence is not the product of error, the district court has no authority to alter that sentence." *United States v. Fraley,* 988 F.2d 4, 7 (4th Cir. 1993). The Fourth Circuit has found "clear error" within the meaning of Rule 35(e) to mean some reversible error, *Fields*, 552 F.3d at 404, or "acknowledged and obvious mistake," *United States v. Cook*, 890 F.2d 672, 675 (4th Cir. 1989).

In this case, the government must demonstrate that my finding that Hernandez's prior state conviction was invalid is clear error, or an acknowledged and obvious mistake. I find that the government fails to meet its burden for the following reasons.

First, I made no obvious mistake. At the sentencing, the government acknowledged the troubling events related to Hernandez's failed attempts to challenge his prior conviction in state court. (*See* Tr. 4:9-16:9.) The Assistant United States Attorney, following the best tradition of the Office of the United States Attorney for the District of Maryland, indicated that Hernandez had been "denied his day in State Court." (Tr. 4:9, 6:19-20, 7:3-8.) While the government claimed the prior conviction was valid, it had no position on the merits of Hernandez's *coram nobis* petitions. (Tr. 6:22-24.) I noted my concern that the State's Attorney's Office refused to help Hernandez attend his hearing and that its refusal posed a potential constitutional violation. (Tr. 7:9-15.)

Second, I have not acknowledged that I made an error as required by Rule 35. To the contrary, I was – and remain – of the view that the executive branch of a State or the federal government cannot constitutionally deprive a defendant of the opportunity of seeking a judicial determination of the validity of a prior conviction by employing the cynical tactic of preventing

the defendant from appearing at a court hearing at which the issue is to be decided. Such action violates the doctrine of the separation of powers – a doctrine that is fundamental to Anglo-American jurisprudence. Moreover, such action violates the federal constitutional right of access to the courts, a violation that is certainly pertinent in a case where the validity of a prior conviction has a substantial effect upon the federal sentence that is to be imposed. *See Lewis v. Casey*, 518 U.S. 343, 348-51 (1996) (holding that violation of "well-established" fundamental constitutional right of access to courts recognized in *Bounds v. Smith*, 430 U.S. 817, 828 (1977) must cause actual injury). I would be greatly disappointed if the Department of Justice argued to the contrary on appeal.[4]

**Conclusion**

For the foregoing reasons, the government's motion for a correction of sentence is denied. A separate order follows.


August 6, 2013                          /s/
Date                                              J. Frederick Motz
                                                    United States District Judge

---

[4] Perhaps the government could have argued at sentencing that Hernandez could not challenge his earlier conviction because it occurred more than five years before the date of the government's information alleging the prior conviction. *See* 21 U.S.C. § 851(e). Hernandez was convicted of the crime here in question on January 20, 2003, and the government's information was filed on January 20, 2012. However, the government made no such argument – which itself would have constitutional implications – at sentencing. To the contrary, I was led to believe that the only reason the government was relying upon Hernandez's prior conviction was the fact that the conviction had not been successfully challenged in State court.